Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 191017-41591
DATE: June 30, 2021

ORDER

Entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance is denied.

FINDING OF FACT

The Veteran's service-connected disabilities do not render him so helpless as to require regular aid and attendance of another person. 

CONCLUSION OF LAW

The criteria for an award of SMC based on the need for the regular aid and attendance of another person have not been met. 38 U.S.C. §§ 1114 (2018); 38 C.F.R. §§ 3.102, 3.350, 3.352 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the United States Army from August 1978 to August 1982.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran appealed that decision to the Board via a VA Form 10182 dated October 11, 2019 which was received on October 17, 2019 and elected the evidence submission review option. Therefore, the Board will consider the evidence of record at the time of the September 2019 rating decision on appeal as well as evidence submitted during the 90-day period after receipt of the VA Form 10182.

The Board notes that there was evidence added to the claims file during a period of time when new evidence was not allowed. Therefore, as noted, the Board may not consider that evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify that evidence. 38 C.F.R. § 3.2501.

Entitlement to SMC for Aid & Attendance

The Veteran contends that he is entitled to SMC based on the need for regular aid and attendance of another person as a result of impairment caused by his service-connected disabilities. 

SMC is payable where a veteran suffers from service-connected disability that renders him permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b).

A veteran shall be considered to be in need of regular aid and attendance if: he/she is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or is a patient in a nursing home because of mental or physical incapacity; or establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). See also 38 C.F.R. § 3.351(c).

Determinations as to the need for aid and attendance are based on the actual requirements of personal assistance from others. In determining the need for regular aid and attendance, consideration will be given to the inability of the veteran to dress or undress themselves, or to keep clean; frequent need of adjustment of any prosthetic which by reason of the disability cannot be done without aid; inability of the veteran to feed themselves; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect themselves from the hazards or dangers of the daily environment. Bedridden will be that condition which, through its essential character, actually requires that the claimant remain in bed. 38 C.F.R. § 3.352(a).

It is mandatory for VA to consider the enumerated factors within the regulation, and that at least one of the enumerated factors be present. Turco v. Brown, 9 Vet. App. 222 (1996). In order for the Veteran to prevail in the claim, the evidence must show that it is a service-connected disability that has resulted in the need for regular aid and attendance. Prejean v. West, 13 Vet. App. 444 (2000).

The Veteran is service-connected for the following disabilities and corresponding disability ratings: depressive disorder and unspecified anxiety disorder at 70 percent; chronic renal disease with diabetes mellitus at 60 percent starting in April 2020 which is outside of the evidence window; traumatic headache 50 percent; obstructive sleep apnea at 50 percent; residuals of fracture of T2-T5 at 40 percent; residuals of trauma to right shoulder at 30 percent; diabetes mellitus type II at 20 percent; status post diastasis of left hip and disruption of left sacroiliac joint at 10 percent; residual scar left thigh at 10 percent; limited flexion of the right hip at 10 percent; limited abduction of the right hip at 10 percent; and limitation of extension of the right hip at 0 percent. The Veteran's combined disability rating has been 100 percent since February 20, 2017. In addition, he was granted a total disability rating based on unemployability (TDIU) since May 27, 2011. 

Initially, the Board notes that the Veteran's service-connected disabilities have not resulted in his being blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; nor is he a patient in a nursing home because of mental or physical incapacity.

In regard to the question of whether the Veteran requires the regular aid and attendance of another person, the Board notes he indicated in his July 2019 statement requesting SMC that he can't focus long enough to stay in the kitchen and cook so his wife must do it all. He indicated that his wife keeps track of his medication because if she didn't remind him the pills wouldn't get taken. The Veteran stated he was unable to do yardwork or household chores owing to his back pain and lack of concentration and focus. His wife also helps with bathing as well as cuts his hair. The Veteran also indicated that his spouse reminds to brush his teeth, shower, and put on clean clothes. The constant reminders from his spouse are the reason he keeps up with his hygiene. The Veteran also complained of being unable to drive due to his wife's fear that he would get lost or crash. Finally, the Veteran notes he constantly misplaces things and needs to have things repeated to him. 

The Veteran's spouse also submitted a statement in support of this claim in July 2019. She indicated that she fears the Veteran would forget to turn the stove or oven off, so she does not allow him to use them. She indicated that she must write down his medication and provide reminders on when to take them. She further notes that she does all the housework and yardwork and that he lacks the concentration to either finish tasks or to do them well. She believes that if she didn't tell him to shower, he wouldn't keep up with his hygiene. 

The Veteran submitted a July 2019 independent medical evaluation (IME) that concluded he requires regular aid and attendance. However, this IME included a detailed assessment of the Veteran's impairment from traumatic brain injury (TBI). However, service connection was not in effect for TBI at the time of the September 2019 rating decision that is the focus of this appeal, nor within 90 days after the Form 10182 was received; i.e., it was not in effect within the applicable evidentiary window. As noted, the law mandates that the need for aid and attendance must be the result of a service-connected disability.

The Veteran also submitted a September 2019 IME by a different examiner which finds him incapable of caring for his basic or instrumental activities of daily living. The examiner linked this directly to the combination of the Veteran's mental and medical conditions. However, a review of the entire evaluation provides no clear explanation or rationale as to how these service-connected illnesses prevent him from completing these daily activities. Rather, the majority of the opinion focuses on the connection between the Veteran's TBI and his sleep apnea. 

A November 2019 IME focused on the Veteran's radiculopathy included a note that the Veteran has found it difficult to execute his daily functions including walking without assistance, bending down to tie his shoes, and stepping up to get into the shower. However, there is no indication that the Veteran is unable to do these things. The information provided stated only that it is difficult for him to complete these activities. 

It is not proffered that the Veteran is incapable of dressing himself or feeding himself. Rather, the Veteran and his wife argue that he needs reminders to do these things. The Veteran is not physically incapable of meal preparation, rather it was argued that his wife believes he lacks the concentration to not burn the food were he to cook. Additionally, his spouse stated that if the Veteran tries to help with the household chores, he does not do them well and that she often has to fix what he does. While this is certainly frustrating it speaks to the Veteran being able to complete these tasks though they may not be up to the standards his spouse would prefer. 

While the September 2019 IME found the Veteran incapable of caring for his basic or instrumental activities of daily living there was little to no rationale provided as to why this was the case. More recently, at the November 2019 IME the Veteran indicated that he could, with difficulty, walk without assistance, tie his shoes, and get into the shower.

Based on the foregoing the Board finds that the Veteran does not require the regular aid and attendance of another person as a result of his service-connected disabilities. The Board acknowledges that he does experience impairment in various activities due to his service-connected disabilities, as exemplified by the assigned ratings to include TDIU. Nevertheless, the evidence that is permitted for review does not demonstrate that the Veteran is dependent in activities of daily living, and needs regular assistance with feeding, meal preparation, hygiene, bathing, going to the bathroom, dressing, finances, chores, and transportation due to the service-connected disabilities that were in effect during the evidentiary window. Further, the record does not reflect he is bedridden due to his service-connected disabilities.

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to SMC based on the need for the regular aid and attendance of another person is not warranted. 38 U.S.C. § 5107 (b) (2018); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Therefore, the appeal must be denied.

 

 

John Kitlas

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Andrew Ledman II

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.